**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

WOODROW MILLER,

Plaintiff,

v.

OFFICER ERIN BURNS, *et al.*,

Defendants.

No. 25cv14350 (EP) (MAH)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

On August 8, 2025, *pro se* Plaintiff Woodrow Miller, a prisoner detained at the Hudson County Jail, filed a complaint, D.E. 1 ("Complaint" or "Compl."), and an *ex parte* motion for a temporary restraining order ("TRO"), D.E. 2 ("TRO Motion" or "TRO Mot."). Plaintiff did not pay the requisite filing fee. *See* Dkt. For the reasons set forth below, the Court will **CLOSE** this action subject to reopening upon payment of the filing fee or submission of an application to proceed *in forma pauperis* ("IFP") and **DENY** Plaintiff's TRO Motion.

## I. BACKGROUND

Plaintiff was arrested on December 15, 2009, for the murder of his girlfriend Quaneera Adams and later charged with and convicted of murder, Compl. ¶¶ 2, 18. His conviction was ultimately overturned for ineffective assistance of counsel. *Id.* ¶ 19. Plaintiff is currently awaiting retrial. *Id.* ¶ 20.

Plaintiff now brings this action under 42 U.S.C. § 1983 against Defendants Detective Erin Burns of the Hudson County's Prosecutor's Office (the lead investigator in Plaintiff's case), Dr. Junaid Saik (the forensic pathology who performed the autopsy on Ms. Adams), the City of Jersey City, the County of Hudson, and John and Jane Does 1-10 (unknown police offers, detectives, and

prosecutors involved in the investigation, arrest, and prosecution of Plaintiff). *Id.* ¶¶ 7–11. Plaintiff alleges that Defendants have (1) violated his Fourth and Fourteenth Amendment rights by maliciously prosecuting and unlawfully seizing him, (2) violated his Sixth and Fourteenth Amendment rights by denying him the right to a speedy trial and effective assistance of counsel, (3) engaged in a conspiracy to deprive him of his constitutional rights. *Id.* ¶¶ 22–40.

Based on these alleged constitutional deprivations, Plaintiff also moves for a TRO immediately "enjoining Defendants and their agents, specifically the Hudson County Prosecutor's Office, from taking any further action to advance the criminal prosecution of State of New Jersey v. Woodrow Miller, Indictment No. 10-06-1174." TRO Mot. at 2–3. Plaintiff argues that "forcing [him] to participate in any further proceedings related to []his unconstitutional prosecution constitutes a continuing violation of his rights under the Fourth, Sixth, and Fourteenth Amendments," and that a "TRO is urgently needed to halt this bad-faith legal process before the State can compel [him] to participate in further proceedings that are themselves a form of irreparable injury." *Id.* at 3.

## II. DISCUSSION

### A. Filing Fee

Plaintiff has not paid the applicable $350 filing fee for a civil case under 28 U.S.C. § 1914(a), nor the $55 administrative fee under Appendix K to the Local Civil Rules. *See* D.E. 4.

Pursuant to Local Civil Rule 54.3, the Clerk of Court shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, the Court may permit an indigent plaintiff to proceed IFP under 28 U.S.C. § 1915(a).

Plaintiff, however, has not submitted the required application to proceed IFP. *See* Dkt. Nor has he submitted the certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his action, as required under 28 U.S.C. § 1915(a)(2). *Id.*

Accordingly, the Court will **CLOSE** this action and direct the Clerk of Court to send Plaintiff a blank IFP application for him to complete and return. Upon submission of an IFP application or payment of the filing fee, the Court will direct the Clerk of Court to reopen the action.

**B. Request for a TRO**

Notwithstanding Plaintiff's failure to pay the filing fee or submit an IFP application, the Court nevertheless considers Plaintiff's TRO Motion in the interest of judicial economy. The Court construes Plaintiff's filings liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court will **DENY** Plaintiff's TRO Motion ***without prejudice***.

Federal Rule of Civil Procedure 65(b) governs the issuance of TROs without notice to the adverse party. A court may issue a TRO under such circumstances only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant . . . certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "[U]nder federal law [TROs] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020) (quoting *Granny Goose Foods Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974)).

To prevail on a TRO (or a preliminary injunction), the moving party must make the threshold showing that it (1) has a likelihood of success on the merits of its claims and (2) will be irreparably harmed if the injunction is not granted. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017).

Here, Plaintiff "fails to pass the first hurdle"—"showing he will succeed on the merits"—"because, except in rare instances not present here, the Court must abstain from the issuance of injunctions directed to state court criminal proceedings." *Jaffrey v. Atl. Cnty. Prosecutor's Off.*, No. 15-6937, 2016 WL 8692847, at *2 (D.N.J. Apr. 8, 2016), *aff'd*, 695 F. App'x 38 (3d Cir. 2017).

Under *Younger v. Harris*, 401 U.S. 37 (1971), "federal courts should abstain from enjoining state criminal prosecutions, because of principles of comity and federalism, unless certain extraordinary circumstances exist." *Marran v. Marran*, 376 F.3d 143, 154 (3d Cir. 2004). Abstention under *Younger* is appropriate if "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

Here, all three of these requirements for *Younger* abstention are met. *First*, "[t]here are ongoing state criminal proceedings in the Superior Court of New Jersey that are judicial in nature." *Jaffery*, 695 F. App'x at 40; *see* TRO Mot. at 3.[1] *Second*, "the state proceedings implicate the important state interest in prosecuting criminal behavior." *Jaffrey*, 695 F. App'x at 40–41. And,

---

[1] The Court also takes judicial notice of the docket in Plaintiff's criminal proceedings in the Superior Court of New Jersey (Case No. 09004136), which indicates that a conference in his case is scheduled for August 29, 2025. *See* Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."); *Roche v. Aetna, Inc.*, No. 22-607, 2023 WL 3173394, at *4 (D.N.J. May 1, 2023) ("[T]he Court may take judicial notice of court dockets and docket entries.").

*third*, "the state proceedings provide [Plaintiff] an opportunity to raise federal constitutional defenses to prosecution." *Id.* at 41.

Plaintiff argues that *Younger* abstention is nevertheless inappropriate here because "the state prosecution is brought in 'bad faith.'" TRO Mot. at 5–6. While Plaintiff is correct that *Younger* does not preclude federal injunctive relief against pending state prosecutions where the state prosecution brought in bad faith, *Perez v. Ledesma*, 401 U.S. 82, 85 (1971), Plaintiff has not shown bad faith here. "'Bad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975). Plaintiff's argument that "the history of [his state prosecution]—from the reckless investigation that ignored all exculpatory evidence, to the reliance on a medical examiner's opinion that willfully disregarded the victim's own words, to the unconscionable six-year delay in retrial—demonstrates that this is not a good-faith effort to seek justice," TRO Mot. at 6, is, based on the record before the Court, unavailing. Although Plaintiff "disputes the quality of the state's evidence supporting the criminal prosecution," he "has not demonstrated there is *no* reasonable expectation of obtaining a valid conviction." *Jaffrey*, 695 F. App'x at 41 (emphasis added). Moreover, the reversal of Plaintiff's conviction for ineffective assistance of counsel "does not rise to the level of demonstrating multiple unjustified and oppressive unsuccessful prosecutions." *Id.*; *compare with*, *e.g.*, *Dombrowski v. Pfister*, 380 U.S. 479, 490 (1965) (finding bad faith and enjoining state prosecutions where state repeatedly prosecuted or threatened to prosecute individuals in order to discourage those individuals' civil rights activities even after judge temporarily restrained prosecutions).[2]

---

[2] The Court also finds that no other "extraordinary circumstances" exist warranting federal injunctive relief here. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (holding that plaintiff's "claim of alleged denial of the right to a speedy trial d[id] not fall within the

Accordingly, the Court finds that Plaintiff has not shown a likelihood of success on the merits because, on the record before it, the Court is required to abstain from enjoining Plaintiff's prosecution under *Younger*. The Court will therefore **DENY** Plaintiff's TRO Motion ***without prejudice***.

If Plaintiff pays the filing fee or submits an IFP application, the Court will screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and direct service on the appropriate defendants, who shall have an opportunity to respond to Plaintiff's TRO Motion.

## III. CONCLUSION AND ORDER

Having considered Plaintiff's Complaint, TRO Motion, and all related items on the docket, and having determined that oral argument is not needed,

**IT IS**, on this 14th day of August 2025, for the reasons set forth above,

**ORDERED** that the Clerk of Court shall mark Plaintiff's Complaint, D.E. 1, received; and it is further;

**ORDERED** that Plaintiff's TRO Motion, D.E. 2, is **DENIED** ***without prejudice***;

**ORDERED** that the Clerk of Court shall **CLOSE** this action due to Plaintiff's failure to satisfy the filing fee requirement or alternatively submit a properly completed IFP application; and it is further

**ORDERED** that if Plaintiff wishes to reopen this action he shall either, within **45 days** of entry of this Order: (1) pay the $405 civil filing and administrative fees, pursuant to 28 U.S.C.

---

extraordinary circumstances envisioned in *Younger*" because plaintiff would "have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts" and, upon exhaustion of state court remedies, "the federal courts w[ould], of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented").

§ 1914(a) and Appendix K to the Local Civil Rules or (2) submit a properly completed IFP application under 28 U.S.C. § 1915(a); and it is further

**ORDERED** that the Clerk of Court shall send Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)," DNJ-Pro Se-007-A-(Rev.12/2023) by regular U.S. mail; and it is finally

**ORDERED** that the Clerk of Court shall send Plaintiff a copy of this Order by regular U.S. mail.

Evelyn Padin, U.S.D.J.